UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORREON PATTERSON; DAYVEON
PATTERSON; SHARITA PATTERSON,

                Plaintiffs,

-against-

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; SERGEANT
RAFAEL MUSAYEV SHIELD #3938;
OFFICER HAROON HUSSAIN SHIELD
#27720; OFFICER FARHANULLAH
BANGASH SHIELD #16069,

                Defendants.

25-CV-1439 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

      Plaintiffs Correon Patterson and Dayveon Patterson, and their mother, Sharita Patterson, who are appearing *pro se*, bring this action under 42 U.S.C. § 1983, alleging that Defendants violated their federally protected rights. By order dated March 10, 2025, the Court granted Sharita leave to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses the complaint with 30 days' leave to replead.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Sharita is not listed as a plaintiff in the caption of the complaint, but she refers to herself as a plaintiff in the body of the complaint (ECF 1 ¶ 13). She is also listed as a plaintiff in the civil cover sheet and IFP application. (ECF 1-1; ECF 3.) Only Sharita signed the complaint and submitted an IFP application.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[2] On July 25, 2023, after Sharita was arrested "in uniform," officers from the New York City Police Department ("NYPD") began to "harass and target Plaintiffs." (ECF 1 at 3.) On August 9, 2023, near Union Square in Manhattan, NYPD officers assaulted Correon and falsely arrested him after he tried to find out what had happened to a friend of his who had been stabbed. (*Id.*) According to the complaint, Dayveon was also falsely arrested and subjected to excessive force; it is not clear whether that incident occurred at the same time as the incident involving Correon. (*Id.*)

Sharita "served a Cease-and-Desist Letter to the 13th Precinct, identifying Defendant officers and demanding an end to harassment," but the "harassment continued." (*Id.*) On August 24, 2024, Correon was again falsely arrested, and on October 10, 2024, "formal charges" were filed against him in New York County Family Court. (*Id.*) The complaint seeks $45 million in damages and an order "barring Defendants from further harassment or unlawful conduct."[3] (*Id.* at 4.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] On the same day that Sharita filed this complaint, she filed three other complaints, two of which list one son as a co-plaintiff. *Patterson v. Daily Voice Headquarters*, No. 25-CV-1440;

## DISCUSSION

**A.    Federal Rule of Civil Procedure 5.2(a)(3)**

Rule 5.2(a)(3) of the Federal Rules of Civil Procedure requires that any court submissions referring to a minor must only include the minor's initials. The complaint provides the full names of Sharita's two sons. It is not clear whether Correon and Dayveon are minors. The Court is therefore limiting electronic access to the complaint and this order to a "case-participant only" basis. If Sharita files any additional documents, she must comply with Rule 5.2(a)(3) by referring to her children only by their initials if they are minors.

**B.    Claims on behalf of Correon and Dayveon**

The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action on behalf of her minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Additionally, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

---

*Patterson, et al. v. Jenkins*, No. 25-CV-1438; *Patterson, et al. v. State of New York*, No. 25-CV-1437.

Sharita has alleged no facts suggesting that she is an attorney. She cannot, therefore, assert any claims on behalf of her children, regardless of whether or not they are minors. The Court dismisses without prejudice any claims that Sharita is asserting on behalf of her sons.[4]

### C.   Claims on behalf of Sharita

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

The complaint asserts in one sentence that Sharita was arrested "in uniform." (ECF 1 at 3.) These facts do not suggest that Sharita can state a plausible claim under Section 1983. In fact, it is not clear that she intended to assert claims in connection with that incident or that there are facts supporting a claim on her own behalf.

### LEAVE TO AMEND GRANTED

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

---

[4] If Correon and Dayveon are not minors and wish to be plaintiffs in this matter, they would need to sign the amended complaint and submit separate IFP applications.

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

In an abundance of caution, and in light of Sharita's *pro se* status, the Court grants her 30 days' leave to file an amended complaint, should she wish to do so, asserting claims solely on her own behalf. If an amended complaint is not filed within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action without prejudice.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   August 6, 2025
         New York, New York

                                                         _____
                                                              Louis L. Stanton
                                                                  U.S.D.J.