UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARITA PATTERSON; C.P. MINOR; D.P.
MINOR,

                    Plaintiffs,

        -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; SERGEANT RAFAEL
MUSAYEV (SHIELD #3938); OFFICER
HAROON HUSSAIN (SHIELD #27720);
OFFICER FARHANULLAH K. BANGASH
(SHIELD #16069),

                    Defendants.

25-CV-1439 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Sharita Patterson ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis* ("IFP"),

filed this complaint under 42 U.S.C. § 1983, on behalf of herself and her two minor sons, C.P.

and D.P. The Court dismissed the complaint for failure to state a claim, and granted Plaintiff

leave to replead her claims in an amended complaint. Plaintiff filed an amended complaint, and

the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

        Following is a summary of the allegations in Plaintiff's original complaint, filed on

February 13, 2025, against the City of New York, the New York City Police Department

("NYPD"), and individual police officers.[1] Beginning in July 2023, officers with the 13th

Precinct began to "harass and target" Plaintiff and her two minor sons, C.P. and D.P. (ECF 1 at

3.) On July 25, 2023, officers falsely arrested Plaintiff while she was in "uniform." (*Id.*) On

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and
punctuation are as in the original unless noted otherwise.

August 9, 2023, near Union Square, officers allegedly assaulted and falsely arrested C.P. (*Id.*) According to Plaintiff, the officers also falsely arrested and assaulted D.P., but it is not clear where or when that incident occurred. (*Id.*) On August 24, 2024, C.P. was again falsely arrested, and on October 10, 2024, "formal charges" were filed against him in the New York County Family Court. (*Id.*) Plaintiff sought $45 million in damages and an order "barring Defendants from further harassment or unlawful conduct." (*Id.*)

By order dated August 6, 2025 order dismissed the complaint with leave to replead, and identified the following deficiencies in the complaint: (1) as a non-attorney, Plaintiff could not assert claims on behalf of her minor sons; and (2) Plaintiff did not provide sufficient facts in support of a claim that Defendants had falsely arrested her or otherwise violated her rights, and thus it did not comply with federal pleading rules or otherwise state a claim. (ECF 6.) The Court granted Plaintiff leave to amend her complaint solely to provide facts stating a claim on her own behalf. (*Id.*)

In the amended complaint, Plaintiff again asserts claims on her own behalf and on behalf of C.P. and D.P. (ECF 8.) She names the same Defendants, and invokes 42 U.S.C. §§ 1983, 1985(3), and 1986. Plaintiff realleges that NYPD officers from the 13th Precinct violated the rights of her minor sons, "arising out of repeated unlawful arrests, excessive force, and harassment," and she purports to be acting as their "next friend." (ECF 8 at 1-2.) Plaintiff further claims that she was "wrongfully arrested" "while fully uniformed as a licensed Special Patrolman," after "making the news." (*Id.* at 3.) Plaintiff seeks declaratory and injunctive relief and money damages. (*Id.* at 5.)

## DISCUSSION

The amended complaint does not remedy the deficiencies that the Court identified in the August 6, 2025 order with respect to the original complaint, or comply with federal pleading

rules. In fact, the amended complaint is substantially similar to the original complaint. Although the Court advised Plaintiff that she cannot assert claims on behalf of her two minor children, she again lists them as Plaintiffs. *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). The Court dismisses the claims filed on behalf of C.P. and D.P. without prejudice to any claims that an attorney might file on their behalf.

Second, Plaintiff provides no facts in support of her assertion that she was wrongfully arrested. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Because Plaintiff assertions are vague and conclusory, the amended complaint does not state a plausible claim for relief. *See Twombly*, 550 U.S. at 570 (holding that courts do not "have to accept as true "[t]hreadbare recitals of the elements of a cause of action" which are essentially just legal conclusions). The Court therefore dismisses Plaintiff's claims, asserted on her own behalf, for failure to state a claim on which relief may be granted.

## SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO REPLEAD

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses without prejudice any claims filed on behalf of minors C.P. and D.P. The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   March 11, 2026
         New York, New York

_____Louis L. Stanton_____
Louis L. Stanton
U.S.D.J.

4